# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MERCEDES L. NORRIS,  
    Plaintiff,

Case No. 1:17-cv-0587  
Litkovitz, M.J.

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

**ORDER**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 23), the Commissioner's opposing memorandum (Doc. 24), and plaintiff's reply in support of the motion (Doc. 25).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

2

reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $15,225.00 that plaintiff requests falls within the 25% boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted an itemized billing sheet showing that her attorney performed a total of 21.75 hours of work on the case in this Court and assisting plaintiff in obtaining her benefit payments over the course of several months following the judgment in plaintiff's favor. (*Id.* at 6-7). Plaintiff has also submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25% of past-due benefits. (*Id.* at 8). As evidence of the standard rate in the relevant market, plaintiff relies on (1) counsel's affidavit, and (2) a fee survey conducted and published by the Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2013*.[1] (*Id.* at 15-16, 17-18). In his affidavit, counsel states that he was admitted to practice in Ohio in November 1975; he was employed by the Social Security Office of Hearing and Appeals as an attorney-advisor for six years; he has represented social security disability claimants, working out of the downtown Cincinnati area since November 1982; he has pursued over 400 disability appeals in federal district court; and he has spoken at social security seminars and served on the board of a claimants' representatives organization since 1994. (*Id.* at

---

[1] The Ohio State Bar Association study has been found to be satisfactory evidence in other contingency fee cases that the standard hourly rate requested is "in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Robinson v. Comm'r of Soc. Sec.*, No. 2:13-cv-1055, 2015 WL 401477, at *3 (S.D. Ohio Jan. 28, 2015) (Report and Recommendation) (King, M.J.), *adopted*, 2015 WL 1291146 (S.D. Ohio Mar. 18, 2015) (Sargus, J.); *Buttrey v. Astrue*, No. 1:11-cv-357, 2016 WL 212960, at *3 (S.D. Ohio Jan. 19, 2016) (Barrett, J.). *But see Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 831 (S.D. Ohio 2018) (rejecting plaintiff's proffer of 2004 survey of average rates in the downtown Cincinnati area and the Ohio State Bar Association survey as evidence of a "standard rate" of more than $200.00 per hour for social security attorneys in favor of an EAJA-based "standard rate," in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work).

15-16). Counsel states that his hourly rate is $350.00 based on his background and years of experience, and his office location in downtown Cincinnati. (*Id.* at 3, 16).

The Commissioner opposes plaintiff's motion. (Doc. 24). The Commissioner contends that awarding the full contingency fee of $15,225.00 sought by counsel would result in an inordinately large fee and constitute a windfall for counsel under Court's decision in *Lasley*, 771 F.3d 308, which relied on the rates potentially available under the Equal Access to Justice Act (EAJA) to determine the standard rate for a § 406(b) fee request. (*Id.* at 3).

Dividing the $15,225.00 requested by counsel by the 21.75 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $700.00. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 421-22 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The Commissioner argues that an award of the full contingency award plaintiff seeks would constitute a windfall for several reasons. First, the Commissioner notes that this Court has

4

found in numerous cases that hourly rates of $350.00 to $400.00 are sufficient to compensate counsel under § 406(b) and anything more would constitute a "windfall."[2] (Doc. 24 at 2-3, citing *Hicks v. Commr. of Soc. Sec.*, No. 1:15-cv-110, 2016 WL 7634457, at *4-5 (S.D. Ohio Nov. 21, 2016); *Buttrey v. Comm'r of Soc. Sec.*, No. 1:11-cv-357, 2014 WL 1670034, at *3 (S.D. Ohio April 23, 2014); *Stonitsch v. Astrue,* No. 1:09-cv-00593, 2012 WL 5378744, at *1 (S.D. Ohio Oct. 30, 2012) (reducing "unreasonable" hourly rate from $600.17 to $360.00); *Jones v. Astrue,* No. 3:09-cv-80, 2012 WL 3251865, at *1 (S.D. Ohio Aug. 8, 2012) (Report and Recommendation) (recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), *adopted,* 2012 WL 3763909 (S.D. Ohio Aug. 29, 2012).

Second, the Commissioner asserts that judges in *Lasley*, 771 F.3d 308, and other cases have adopted the applicable hourly rate for an EAJA fee as the standard hourly rate for a § 406(b) fee request. (*Id.* at 3). The Commissioner contends that the fee plaintiff seeks here is almost "four times as high as the applicable EAJA rate, which is about $190 per hour." (*Id.*). Third, the Commissioner suggests that the proper applicable hourly rate from the survey plaintiff relies on is the median hourly rate for all Ohio attorneys, which was $207 to $210 in 2013, or $225 to $229 when adjusted for inflation. (*Id.* at 3-4). Finally, the Commissioner argues that counsel should be compensated at a lower rate for the four hours of work he devoted to securing the payment of benefits on plaintiff's behalf after the Court had remanded the case for an award of immediate benefits. (*Id.* at 4).

---

[2] The Commissioner also acknowledges that the Court has concluded in numerous cases that a hypothetical hourly fee in excess of $400.00 would not constitute an impermissible windfall to counsel. (Doc. 24 at 4, n.6, citing *Kitchen v. Comm'r of Soc. Sec.*, No. 3:10-cv-394, 2013 WL 765641 (S.D. Ohio Feb. 28, 2013) (Report and Recommendation), *adopted,* 2013 WL 1149609 (Mar. 19, 2013); *Pencil v. Comm'r of Soc. Sec.*, No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012)).

Plaintiff's counsel submits that his standard hourly rate for social security cases is $350.00. (Doc. 23 at 16). The hourly rate is in line with the rates reflected in the Ohio State Bar Association survey, which shows 2012 hourly billing rates ranging from $325 at the 75th percentile to $350 at the 95th percentile with a median rate of $250 for social security attorneys, and hourly rates ranging from $300 at the 75th percentile to $450 at the 95th percentile with a median rate of $225 to $250.00 for attorneys across all areas of practice who have 26 to 35/36+ years of experience (the categories plaintiff's counsel fell in from 2017 to 2019, the years he worked on plaintiff's case before this Court). Given counsel's expertise in the area of social security disability law, counsel's hourly rate of $350.00 is in line with the hourly rates reflected in the fee survey for both practitioners in his field and attorneys across all fields of practice.

Further, the undersigned notes that judges in this jurisdiction have consistently approved hypothetical hourly rates close to or exceeding $700.00 (twice counsel's standard rate) in comparable cases. *See Martin v. Comm'r of Soc. Sec.,* No. 3:1-13-cv-00336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (Report and Recommendation) (Newman, M.J.), *adopted sub nom. Martin v. Berryhill,* 2017 WL 680646 (S.D. Ohio Feb. 21, 2017) (Rose, J.) (contingency fee of $13,250.00 and hypothetical hourly rate of $690.10 for 19.2 hours of work approved based on evidence of counsel's extensive experience in social security disability matters, the excellent result counsel achieved for the plaintiff, counsel's efficient handling of the matter, and fact that plaintiff agreed to the contingency fee); *Havens v. Comm'r of Soc. Sec.,* No. 2:12-cv-0637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Kemp, M.J.) (Report and Recommendation), *adopted,* 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (contingency fee of $18,562.50 and effective hourly rate of $750.00 approved where counsel handled the matter with expertise and efficiency, and counsel voluntarily limited the requested amount to 25% of back

benefits accrued at the time of the ALJ's decision); *Meyer v. Comm'r,* No. 1:15-cv-207, Doc. 26, 10/31/2016 Order (Barrett, J.) (fee award of $16,412.25 made at effective hourly rate of $702.87); *Jodrey v. Comm'r of Soc. Sec.,* No. 1:12-cv-725, 2015 WL 799770, at *2 (S.D. Ohio Feb. 25, 2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted,* 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J) (effective hourly rate of $700.00); *Pickett v. Astrue,* No. 3:10-cv-177, 2012 WL 1806136 (S.D. Ohio May 17, 2012) (Black, J.) (effective hourly rate of $709.00).

Moreover, the Court notes that plaintiff's counsel did not unduly delay the resolution of this matter, whereas the Court explicitly found in its Order that the Commissioner was responsible for a "long delay" in the proceedings which warranted remand for an immediate award of benefits. (Doc. 19 at 31). The Court found that the Commissioner had not meaningfully complied with its remand order and that the Commissioner had made "repeated errors during the extensive administrative proceedings" in the case to date, which had resulted in the long delay. (*Id.*). The Commissioner sought two extensions of time (Docs. 9, 11) before filing a motion for voluntary remand (Doc. 13), and which further delayed the matter and which plaintiff opposed (Doc. 14). Further, counsel achieved an excellent result in this case by obtaining a remand for an immediate award of benefits, which included past due benefits in the amount of $72,416.00 to be paid for the period June 2010 through August 2018. (*See* Doc. 23 at 10). Although the Court remanded the case for an "immediate award of benefits," plaintiff did not receive the benefits she was due under the Court's order and counsel had to advocate on plaintiff's behalf for several months for payment of the benefits she was due. Finally, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment.

Having reviewed plaintiff's § 406(b) fee request in light of these considerations and the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $15,225.00 is reasonable for the work plaintiff's counsel performed in federal court and thereafter attempting to secure compliance with the Court's order. Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $3,400.00 (*see* Doc. 22), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 23 at 4). Thus, if paid to counsel, the $3,400.00 EAJA fee must be refunded to plaintiff.

The Court therefore **ORDERS** that plaintiff's § 406(b) motion for attorney fees is **GRANTED** and counsel is **AWARDED** attorney fees in the amount of **$15,225.00**.

Date: 10/23/19

Karen L. Litkovitz
United States Magistrate Judge